## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**Creola C. Reese,**
17539 Hwy 371 North
Minden, LA 71055

        Plaintiff,

        v.

**Loew's Madison Hotel Corporation**
d/b/a The Madison Hotel
1177 15th Street, N.W.
Washington, DC 20005

        Defendant.

CASE NO.1:13-cv-1331

## NOTICE OF REMOVAL

COMES NOW, Defendant LOEW'S MADISON HOTEL CORPORATION d/b/a The Madison Hotel ("Defendant"), by and through its undersigned counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes the above-captioned matter to this Court.  The grounds for removal are set forth below.

### Nature of Plaintiff's Claim

1.     On or about August 5, 2013, Plaintiff Creola C. Reese ("Plaintiff") filed an action against Defendant in the Superior Court for the District of Columbia styled *Creola C. Reese v. Loew's Madison Hotel Corporation d/b/a The Madison Hotel*, Case No. 2013 CA 0005375 B. Defendant was served with process through its registered agent, Corporation Service Company, on August 9, 2013.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Summons and Notice of Service of Process are attached hereto as Exhibit A.

2.     The Complaint asserts that Plaintiff, who resides at 17539 Hwy 371 North, Minden, LA 71055, sustained injuries due to bed bugs while she was a guest at Plaintiff's hotel,

located at 1177 15th Street, NW, Washington, DC 20005, between July 31, 2009 and August 5, 2009.

3.     Plaintiff asserts claims for breach of contract (Count I) and DC Consumer Procedures and Protection Act (Count II).  Plaintiff seeks unspecified compensatory and punitive damages.

## Procedural Posture

4.     This Notice of Removal of this case to the United States District Court is filed by Grosvenor within thirty (30) days after service of process of the Complaint, and is therefore timely.  *See* 28 U.S.C. § 1446(b).

## Parties

5.     Plaintiff alleges in her Complaint that she lives in the state of Louisiana (Complaint ¶ 2.)   Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for diversity purposes, Plaintiff is a citizen of the state of Louisiana.

6.     Defendant is a corporation with its principal place of business at 667 Madison Avenue, New York, NY 10065.  Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for diversity purposes, Defendant is a citizen of New York.

## Jurisdiction

7.     This action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(a), (b) and (c).

8.     This case is removable pursuant to 28 U.S.C. § 1441 because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a).  Section 1332(a) provides in pertinent part as follows:

    (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-

        (1)    citizens of different States....

9.    Plaintiff is a citizen of Louisiana and Defendant is a citizen of New York. Therefore, complete diversity exists between Plaintiff and Defendant.

10.    Plaintiff's Complaint seeks unspecified compensatory and punitive damages, exclusive of interest and costs.

11.    Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446(a), this Court has original jurisdiction over this action because the amount in controversy *may*[1] exceed $75,000.00 and because this action is between citizens of different states.

12.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court for the District of Columbia, and served along with written notice on Plaintiff's counsel of record.  A copy of the Notice to the Clerk of Removal is attached hereto as Exhibit C.

13.    No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved to Defendant.

WHEREFORE, Defendant LOEW'S MADISON HOTEL CORPORATION d/b/a The Madison Hotel hereby removes the above-captioned action, which is now pending in the Superior Court for the District of Columbia.

DATE:  September 4, 2013.

---

[1] Plaintiff failed to provide an ad damnum.

Respectfully Submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**


  /s/ Craig L. Sarner
Barry D. Trebach, Esquire, DC Bar #358957
Craig L. Sarner, Esq., DC Bar #447523
1233 20th Street, N.W., 8th Floor
Washington, DC  20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
btrebach@bonnerkiernan.com
csarner@bonnerkiernan.com

*Counsel for Defendant Loew's Madison Hotel Corporation*
*d/b/a The Madison Hotel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing NOTICE OF REMOVAL was provided via ECF/first class mail, this 4th day of September 2013, to:

Alan Scott Gregory, Esquire
Law Office of Alan Scott Gregory, PC
7600 Georgia Avenue, NW, Suite 412
Washington, DC 20012
*Counsel for Plaintiff*


      /s/ Craig L. Sarner
Craig L. Sarner