UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Creola C. Reese,** | |
| Plaintiff, | |
| v. | CASE NO.1:13-cv-1331 |
| **Loew's Madison Hotel Corporation** | |
| Defendant. | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant LOEW'S MADISON HOTEL CORPORATION d/b/a The Madison Hotel (hereinafter, "Defendant"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, files this Memorandum in support of its Motion to Dismiss Plaintiff's Complaint with prejudice, and as its grounds, states the following:.

### I.    PLAINTIFF'S FACTUAL ALLEGATIONS AND CAUSES OF ACTION

Plaintiff has filed this action, seeking compensatory and punitive damages, along with attorneys' fees and costs, against Defendant, with regard to alleged injuries sustained by her while she was a guest at Defendant's hotel between July 31, 2010 and August 5, 2010. Plaintiff alleges that, between July 31, 2010 and August 5, 2010, she sustained bed bug bites while a guest in Room No. 817 at the Defendant's hotel. (Complaint, ¶ 2)

Plaintiff alleges that she arrived at the hotel on July 31, 2010 and began to itch on August 1, 2010. (Complaint, ¶¶ 5 and 6) On August 2, 2010 she awoke with intense itching. (Complaint, ¶ 7) On August 3, 2010 she awoke with swelling and multiple red bumps and welts on her face, neck, arms, hands, legs and buttocks. (Complaint, ¶ 9) On August 6, 2010 Plaintiff was transferred to

another hotel. (Complaint, ¶ 24)

Plaintiff's Complaint, which was filed on August 5, 2013, seeks unspecified compensatory and punitive damages for breach of contract (Count I) and DC Consumer Procedures and Protection Act (Count II).

## II.    STANDARD OF REVIEW

### A.    MOTION TO DISMISS

Defendant files this Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiffs' "failure to state a claim upon which relief can be granted."

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to assert the defense that a pleading fails to state a claim upon which relief can be granted by motion. *See* F.R.C.P. 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the role of the district court is to assess the legal feasibility of the complaint, not to weigh the evidence which might be offered at trial. *See Festa v. Local 3 Int'l Bhd. Of Elec. Workers*, 905 F.2d 35, 37 (2d Cir.1990); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). In doing so, "all factual allegations in the Complaint "must be accepted as true and the complaint must be viewed in the light most favorable to the plaintiff." *Odom v. Columbia University*, 906 F. Supp. 188, 193 (S.D.N.Y. 1995) (citing *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991); *Banker's Trust Co. v. Rhoades*, 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied*, 490 U.S. 1007 (1989)). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court may dismiss an action where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Williams v. Amtrak*, 357 F.Supp.2d 1, 2 (D.C. Cir.,

281253-1

2003). Pursuant to F.R.C.P. Rule 12(b)(6), dismissal of a complaint is proper if, taking all the material allegations of the complaint as admitted and construing them in the plaintiff's favor, plaintiff still fails to allege each of the material elements of his cause of action. See *Razzoli v. Federal Bureau of Prisons*, 230 F.3d 371, 374 (D.C. Cir. 2000).

## III.   ARGUMENT

### A.   PLAINTIFF'S CLAIMS ARE BEYOND THE STATUTE OF <u>LIMITATIONS</u> <u>(COUNTS I AND II)</u>

Plaintiff seeks damages against Defendant for compensatory and punitive damages based upon two causes of action, (1) breach of contract (Count I) and (2) DC Consumer Procedures and Protection Act).

According to the law in the District of Columbia, the statute of limitations for the causes of action for breach of contract (Count I) and for violations of the DC Consumer Procedures and Protection Act is 3 years (D.C. Code §12-301).  Plaintiff alleges that she was injured while a guest at the Defendant's hotel from July 31, 2010 through August 5, 2013, including but not limited to August 1st 2nd and 3rd.  However, Defendant did not file suit until August 5, 2013. Accordingly, any damages allegedly sustained by Plaintiff, which occurred prior to August 5, 2010, are time-barred and must be dismissed.

### B.   PLAINTIFF HAS FAILED TO PLEAD ITS CLAIM FOR BREACH OF CONTRACT WITH REQUSITE SPECIFICITY (COUNT I)

In Count I of Plaintiff's Complaint, Plaintiff attempts to allege a cause of action for breach of contract against Defendant.  However, other than stating that "Plaintiff and [Defendant] entered into a binding contract when the Plaintiff made reservations …", the Complaint fails to (1) properly identify the alleged contract which is alleged to have been breached, (2) fails to identify the part(s) of the alleged contract which is alleged to have been breached, (3) fails to

4

281253-1

state exactly how the alleged contract was breached by Defendant and (4) fails to attached a copy of the alleged contract to the Complaint.

While the Complaint *arguably* contains certain conclusory statements, it fails to identify the "contract" and/or to specify the language of the "contract" that forms the basis for the Plaintiff's claims of a breach thereof. Plaintiff simply refers to Defendant's alleged breach of contract, as opposed to specifying the actions or inactions, on the part of Defendant which is alleged to have been a breach of contract and to identify the part(s) of the contract which is alleged to have been breached by Defendant.

Defendant is, therefore, unable to effectively respond to Plaintiff's breach of contract claim, which does not properly place Defendant on notice of the specific claims against it. As a result, Plaintiff has failed to state a claim upon which relief can be granted in Count I, Breach of Contract, and the Court should therefore dismiss with prejudice Count I of the Complaint.

## C.   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER DC CPPA (COUNT II)

In Count II of Plaintiff's Complaint, Plaintiff attempt to allege a cause of action under the DC CPPA against Defendant. However, Plaintiffs simply have restated the elements of a cause of action in place of the actual factual allegations in support thereof. Other than making the conclusory statement that, "by concealing and misrepresenting the existence of a bed bug infestation in some of the rooms of the [hotel], the defendant violated [the Act]," there are no factual allegations made by Plaintiff to support a finding that Defendant made a material misrepresentation and/or any allegations that Defendant's actions would be a violation of the DC CPPA.

In order for Plaintiff to obtain damages pursuant to the DC CPPA, Plaintiffs must allege and prove a "material misrepresentation." *Osbourne v. Capital City Mortgage*, 667 A.2d 1321 (D.C.,

1995). Plaintiff has not made any such allegations against Defendant in her Complaint.

The only factual allegations made by Plaintiff concerning her discussions with the Defendant are that on or about August 4, 2010 Plaintiff informed hotel staff that she had been diagnosed by a doctor with bed bites, for which hotel staff transferred Plaintiff to a different room. (Complaint, ¶¶ 15 and 16)  On August 5, 2010 Plaintiff spoke to the hotel General Manager who told her that he had never seek bed bug bites on someone's face.  (Complaint, ¶ 17).  Defendant then made arrangements for Plaintiff to see a physician and then transferred her to a different hotel. (Complaint, ¶¶ 18, 19 and 24)  These allegations hardly support any such violation of the DC CPPA by Defendant.

Moreover, §28-3905 of the DC Code, as cited and relied upon by Plaintiff, provides for investigation by the statutory body, not a private right of action.

Therefore, Count II is deficient and must be dismissed with prejudice.

**D.    PLAINTIFF IS NOT A CONSUMER WITHIN THE AMBIT OF THE DC CPPA (COUNT II)**

The CPPA provides that "[a] person . . . may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia." §28-3905 of the DC Code  Although the statute defines "person" broadly, the District of Columbia Court of Appeals has held that the CPPA protects only consumers, see *Ford v. ChartOne, Inc.*, 908 A.2d 72 (2006).

The CPPA defines "consumer" both as a noun and an adjective. In relevant part, the noun "consumer" means "a person who does or would . . . receive consumer goods or services," §28-3901(a)(2), or "a person who does or would provide the economic demand for" "any act which does or would create, alter, repair, furnish, make available, provide information about, or, directly or indirectly, solicit or offer for or effectuate, a sale, lease or transfer, of consumer goods or

services," *Id.* When used as an adjective, as in the phrase "consumer goods," the word means

"primarily for personal, household, or family use." *Id.* Accordingly, when viewed as a whole,

"consumer" is defined as a person who receives or demands goods or services that are primarily for

personal, household, or family use. See *Ford.* The District of Columbia courts have made it clear

that the CPPA's definition of "consumer", does not reach transactions intended primarily to promote

business or professional interests. See *Shaw v. Marriott*, 605 F.3d 1039 (2009).

Under the CPPA, an employer's payment for its employee's hotel stay is done for a business

purpose. *Id.* Therefore, as Plaintiff is believed to have stayed at the Defendant's hotel as part of her

business activities (Complaint, ¶2), which arguably was to further the business purposes of her

company, she did not engage in consumer transactions within the meaning of the DC CPPA and,

therefore, are not entitled to its protections. Because Plaintiff lacked any rights under the DC

CPPA, she could not have suffered any injury stemming from an alleged violation of DC CPPA.

Therefore, Count II and must be dismissed with prejudice.

### E.    PLAINTIFF'S ALLEGATIONS DO NOT RISE TO THE LEVEL OF PUNITIVE DAMAGES

The District of Columbia courts have been clear in reserving punitive damages only for

those acts of a truly heinous nature and avoiding turning every case into one for punitive damages.

To permit the facts, as alleged, to allow for punitive damages, would effectively turn every

negligence action into one for punitive damages. The facts of the instant action, against Defendant,

do not rise to the level where the Plaintiff is to be permitted to seek punitive damages. Therefore,

the Plaintiff's claim for punitive damages must be dismissed.

Punitive damages are damages, other than compensatory or nominal damages, that are

awarded to punish a person for extreme and shameful conduct and to deter that person and others

from comparable behavior in the future. Restatement (Second) of Torts § 908 (2005). Extreme

and shameful conduct is behavior that is "malicious, wanton, reckless or in willful disregard for another's rights." *Vassiliades v. Garfinckel's*, 492 A.2d 580, 593 (D.C. 1985).

It is well-established that punitive damages are not favored by the courts or by law. *Id.* See also *Knippen v. Ford Motor Company*, 546 F.2d 993, 1002 (D.C. Cir. 1976); *Rogers v. Lowes L'Enfant Plaza Hotel*, 526 F. Supp. 523, 534 (D.D.C. 1981). Punitive damages are reserved for "extreme cases." *Queen v. Postell*, 513 A.2d 812, 817 (D.C. 1986). As a result, these damages are awarded rarely and are not granted for "mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence." *Keshishian & Sons v. Washington Square, Inc.*, 414 A.2d 834, 842 (D.C. 1980); Restatement (Second) of Torts § 908 (2005).

As a matter of law, the elements necessary for a punitive damages claim are tortuous conduct aggravated by actual malice. *Dalo v. Kivitz*, 596 A.2d 35, 40 (D.C. 1991). Any award of punitive damages must be based on a "sufficient legal foundation" that is supported by both the law and the record. *Vassiliades*, 492 A.2d at 593. Additionally, Defendant's conduct must show conscious or extremely reckless disregard or intentional wrongdoing. *Knippen*, 546 F.2d at 1002. The specific required elements for a successful claim for punitive damages include the commission of a tortuous act, "accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the Plaintiff's rights, or other circumstances tending to aggravate the injury." *Washington Medical Center, Inc. v. Holle*, 573 A.2d 1269, 1284 (D.C. 1990) (quoting *Parker v. Stein*, 557 A.2d 1319, 1322 (D.C. 1989)) (quoting *Franklin Inv. Co. v. Homburg*, 252 A.2d 95, 98 (D.C. 1969)).

The District of Columbia has a particularly high standard of proof before permitting the award of punitive damages. *Rogers*, 526 F. Supp. at 534. A plaintiff in the District of Columbia is only entitled to these damages if he or she can show that the defendant participated in the

wrongful act or specifically ratified the conduct.  Id.  Additionally, whether punitive damages will lie depends exclusively on "the intent with which the wrong was done, and not on the extent of the actual damages." *Washington Medical Center, Inc.*, 573 A.2d at 1284 (citing *Robinson v. Sarisky*, 535 A.2d 901, 907 (D.C. 1988)).  Thus, Plaintiff herein must prove not only that Defendant committed the tortuous act but also by "clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent." *Daka, Inc. v. McCrae*, 839 A.2d 682, 695 (D.C. 2003) (quoting *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 938 (D.C. 1995)).

A theoretical or hypothetical showing of malice is not sufficient for a successful claim for punitive damages in the District of Columbia.  *Croley v. Republican National Committee*, 759 A.2d 682, 695 (D.C. 2000) (citing *United Mine Workers of America, Int'l Union v. Moore*, 717 A.2d 332, 341 (D.C. 1998) (holding that to prove punitive damages, a "showing of evil motive or actual malice is… required").  This is because "punitive damages are appropriately reserved only for tortuous acts which are replete with malice." *Dalo v. Kivitz*, 596 A.2d 35, 40 (D.C. 1991) (quoting *Zanville v. Garza*, 561 A.2d 1000, 1002 (D.C. 1989)) (emphasis added).

Finally, the District of Columbia courts require that the elements justifying the punitive damages be firmly established for such damages to be awarded.  See, e.g., *McNeil Pharmaceuticals v. Hawkins*, 686 A.2d 567, 570 (D.C. 1996) (quoting *Raynor v. Richardson-Merrell*, Inc., 643 F. Supp. 238, 245 (D.D.C. 1986).  Without a clear showing of malice or willful misconduct, coupled with reasonableness and proportionality, District of Columbia courts have consistently ruled that claims for punitive damages must fail.  See, e.g., *Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 (D.C. 1976).

Moreover, punitive damages are not permitted for a breach of contract claim.  *Calvetti v.*

*Antcliff*, 346 F.Supp.2d 92 (2004).  Punitive damages are also not permitted for alleged violations of the DC CPPA. *Djourabchi v. Self*, 571 F.Supp. 41 (2008).

As punitive damages are not permitted to be awarded for the causes of action of breach of contract (Count I) and DC CPPA ( Count II) made against Defendant in the Complaint, and the factual allegation do not arise to the requisite level needed for punitive damages, the Plaintiff's punitive damages claim in the Complaint must be dismissed with prejudice.

WHEREFORE, Defendant LOEW'S MADISON HOTEL CORPORATION d/b/a The Madison Hotel requests that its Motion to Dismiss be granted, that Plaintiff's Complaint be dismissed with prejudice and that it be awarded its attorney fees and cost of this action and such other and further relief as the Court may deem just and proper.

Date:  September 4, 2013.

Respectfully Submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

/s/ Craig L. Sarner
Barry D. Trebach, Esquire, DC Bar #358957
Craig L. Sarner, Esq., DC Bar #447523
1233 20th Street, N.W., 8th Floor
Washington, DC  20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
btrebach@bonnerkiernan.com
csarner@bonnerkiernan.com
*Counsel for Defendant Loew's Madison Hotel Corporation*
*d/b/a The Madison Hotel*

281253-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss and Memorandum in Support was provided via ECF/First Class Mail, this 4th day of September 2013, to:

Alan Scott Gregory, Esquire
Law Office of Alan Scott Gregory, PC
7600 Georgia Avenue, NW, Suite 412
Washington, DC 20012
*Counsel for Plaintiff*

         /s/ Craig L. Sarner
        Craig L. Sarner

281253-1